Filed 8/6/24  P. v. Seanior CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> EARL SEANIOR, <br><br> Defendant and Appellant. | F086469 <br><br> (Super. Ct. Nos. VCF021364B-94, CR-13902-A) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Hannah Janigian Chavez, and Max Feinstat, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

Seanior was sentenced to serve life in prison after he was convicted of a third strike. As part of that sentence, the trial court imposed but stayed an enhancement pursuant to Penal Code[1] section 667.5, subdivision (b). Many years later, the Legislature largely eliminated that enhancement.

The Legislature also enacted a procedure by which inmates serving sentences including section 667.5, subdivision (b) enhancements could return to court for resentencing. (See § 1172.75.) Seanior availed himself of this process but was denied relief because the enhancement was imposed and *stayed*, not imposed and *executed*.

The dispute on appeal centers around the same issue. Does section 1172.75 apply to sentences in which the section 667.5, subdivision (b) enhancement was imposed but stayed, rather than executed? We agree with the several Courts of Appeal which conclude the answer is "yes." (*People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Mayberry* (2024) 102 Cal.App.5th 665 (*Mayberry*); but see *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 [does not apply].)

## BACKGROUND

The Tulare County District Attorney charged Seanior with committing robbery and escape. (§§ 211 & 4530, subd. (c).) The charges also alleged various enhancements and allegations for prior convictions, including a section 667.5, subdivision (b) enhancement.

A jury found Seanior guilty as charged and all enhancements and allegations were found true. Ultimately, Seanior was sentenced to serve 35 years, eight months to life in prison. The section 667.5, subdivision (b) enhancement was stayed.

---

[1] All statutory references are to the Penal Code.

After the Legislature enacted section 1172.75, Seanior sought relief from the section 667.5, subdivision (b) enhancement. The trial court denied relief because the enhancement was imposed but stayed.

**DISCUSSION**

Section 1172.75, subdivision (a) states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." "The crux of the dispute here centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed *and stayed* for a non-sexually violent offense prior to January 1, 2020, is [such] 'a sentencing enhancement described in subdivision (a) ….' " (*Christianson, supra,* 97 Cal.App.5th at p. 311.)

"We begin, as we must, with the plain language of the statute itself. Section 1172.75, subdivision (c) requires trial courts to provide a full resentencing to any defendant currently serving time on a judgment that includes a sentencing enhancement described in subdivision (a). Section 1172.75, subdivision (a), in turn, describes '[*a*]*ny* sentence enhancement *that was imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5' (italics added) for a prior conviction that was not a sexually violent offense." (*Christianson, supra,* 97 Cal.App.5th at p. 311.)

There is no dispute in this case the judgment includes a section 667.5, subdivision (b) enhancement. "The only question is whether the enhancement[ was] 'imposed' as the word is used in section 1172.75, subdivision (a)." (*Christianson, supra,* 97 Cal.App.5th at p. 311.)

"On its face, the word 'imposed,' in this context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose"

3.

applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter." ' [Citation.] Reading section 1172.75 in the context of the entire statutory scheme, the stated legislative intent, and the legislative history, we are not convinced, as the People suggest, that the Legislature intended the word 'imposed' in this context to be limited to enhancements that were imposed *and executed.*" (*Christianson, supra,* 97 Cal.App.5th at p. 311.)

Accordingly, Seanior "was entitled to, but did not receive, a recall of his sentence and resentencing under the terms of section 1172.75[.]" (*Mayberry, supra,* 102 Cal.App.5th at p. 676.) Resentencing includes "the application of 'any other changes in law that reduce sentences or provide for judicial discretion' (§ 1172.75, subd. (d)(2)) and consideration of 'postconviction factors' militating against continued incarceration (§ 1172.75, subd. (d)(3))." (*Ibid.*)

## DISPOSITION

The trial court's order denying resentencing is vacated. The trial court is directed to resentence Seanior pursuant to section 1172.75.